UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THULE TOWING SYSTEMS, LLC,
a Delaware limited liability company,

        Plaintiff,

vs.                                      Case No. 09-CV-10905
                                        HON. GEORGE CARAM STEEH

SHANE MCNALLIE, an individual,
and CURT MANUFACTURING, INC.,
a Wisconsin corporation,

        Defendants.

_____/

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT (# 29)

      Plaintiff Thule Towing Systems, L.L.C. moves for leave to file a First Amended Complaint to correct inadvertent errors, to add new factual allegations, to add new claims under the Stored Wire and Electronic Communications Act ("SWECA"), 18 U.S.C. § 2701 et seq., against defendants Shane McNallie and Curt Manufacturing, Inc., to add an additional claim of conversion against McNallie, and to add new claims of promissory estoppel against McNallie. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      Thule filed its initial Complaint on March 11, 2009 alleging its former National Sales Director, defendant McNallie, resigned on February 3, 2009, and took a position with Thule's direct competitor, defendant Curt Manufacturing. Thule alleges that, before and

after McNallie went to work for Curt Manufacturing, McNallie misappropriated confidential, proprietary, and trade secret information. Thule alleges that McNallie also acted as Curt Manufacturing's agent when he contacted Thule customers and made false statements that Thule "will be out of business within the year, cannot pay its suppliers, and will not be able to fill customer orders." Complaint, ¶ 38, at 10.

Thule continues by alleging in the Complaint that it provided McNallie with a company laptop computer. Thule alleges McNallie expressly agreed that the laptop could only be used for legitimate business purposes, and exclusively for Thule's benefit. Thule alleges that, while McNallie was still employed at Thule, he secretly copied, used and disclosed Thule's confidential, proprietary, and trade secret information, and "used Thule's computer systems to view and download offensive and highly inappropriate material." Complaint, ¶ 23, at 7. McNallie allegedly promised to return the laptop to Thule by February 4, 2009, but did not return the computer until February 9, 2009. Thule alleges that McNallie "deleted and destroyed much of the laptop's contents." Complaint, ¶ 43, at 11.

Thule allegedly sent the laptop computer to Spectrum Computer Forensics & Risk Management, LLC to "preserve the remaining contents of the laptop computer" and to investigate McNallie's use of the computer. Complaint, ¶ 44, at 11. Thule alleges that "Spectrum's examination uncovered Defendant McNallie's offensive misconduct and other unauthorized, inappropriate, and illegal activity." Complaint, ¶ 46, at 11. Thule alleges that McNallie installed onto the laptop "LimeWire, a peer-to-peer file sharing software commonly used to exchange music, movies, and other media files in violation of copyright protections." Complaint, ¶ 49, at 11. McNallie allegedly "used LimeWire to unlawfully

download highly offensive media files and other content." Complaint, ¶ 50, at 11. Thule alleges McNallie also installed and used the software application "Smart Protector" to erase data and files from the laptop. Complaint, ¶ 52, at 12.

The initial Complaint alleges violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., misappropriation of trade secrets in violation of the Michigan Uniform Trade Secrets Act, M.C.L. § 445.1901, et seq., breach of fiduciary duties, common law unfair competition, tortious interference with business expectancies, fraud and misrepresentation, defamation, unjust enrichment, common law conversion, statutory conversion under M.C.L. § 600.2919a, and civil conspiracy. Thule now moves for leave to file a First Amended Complaint to correct inadvertent errors, to allege new claims of violation of the SWECA and promissory estoppel, to add a new factual allegation of conversion, and to "update allegations based on new information it has obtained since filing its original Verified Complaint." Plaintiff's May 22, 2009 Motion, at 2.

## I.  Motion For Leave to File First Amended Complaint

Leave to amend a complaint is to be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). Absent undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment, leave to amend should be granted unless the amended claims would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must determine whether the plaintiffs' factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550

3

U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).

### A. Updated Factual Allegations

In the initial Complaint, Thule alleged that McNallie used the laptop computer "to view and download offensive and highly inappropriate material," that McNallie engaged in "offensive misconduct and other unauthorized, inappropriate, and illegal activity," and that McNallie "used LimeWire to unlawfully download highly offensive media files and other content." Complaint ¶¶ 23, 46, 50, at 7, 11. In moving for leave to file an amended complaint, Thule proffered a proposed May 22, 2009 First Amended Verified Complaint and Jury Demand (docket no. 29-3) ("First Proposed Amended Complaint") which alleges that McNallie used the laptop computer "to view and download pornographic, obscene and/or highly inappropriate material," "to establish a personal account on the Adult FriendFinder website, an online sex and swinger social networking community[,]" that "McNallie used LimeWire ro unlawfully download thousands of pornographic and highly offensive medial files and other content[,]" that "McNallie unlawfully and improperly viewed, accessed and/or downloaded thousands of adult and pornographic media files using Thule's computer system," that McNallie used personal email accounts "to conduct unauthorized activity on the Adult FriendFinder sex and swinger website," that McNallie is liable under the CFAA for the unauthorized "downloading [of] pornographic, highly offensive and improper material[,]" that McNallie is liable under the SWECA for "obtaining access to the Adult FriendFinder website and other pornographic, highly offensive and improper material," and

4

that McNallie is liable under a theory of promissory estoppel for spending "substantial time during regular business hours pursuing his own interests . . . viewing, accessing, and/or downloading pornographic media files and other sex-oriented websites[.]"  First Proposed Amended Complaint, ¶¶ 23, 24, 51, 52, 55, 88, 98, 186, at 8, 12, 13, 19-21, 34.  In paragraph 53 of the First Proposed Amended Complaint, Thule expressly describes the "content" of "approximately 19,353 video titles," and lists the titles of eight of the alleged videos.  Thule repeatedly refers to a copy of a listing of all of the video titles as Exhibit Q, an exhibit filed under seal, and a copy of an Exhibit R attached to the First Proposed Amended Complaint titled "adult_friend-Finder.txt."

In response, McNallie and Curt Manufacturing ask the court to deny these factual amendments consistent with the court's authority to strike pleadings under Federal Rule of Civil Procedure 12(f).  Defendants argue that the allegations expressly describing pornographic files and videos, and their titles, are unnecessary and scandalous, and are imposed for no other purpose but to harass and embarrass McNallie.

In reply, Thule proffers a proposed June 10, 2009 First Amended Verified Complaint and Jury Demand (docket no. 35-5) ("Second Proposed Amended Complaint") that refers to "pornographic, obscene and/or highly inappropriate material," "a personal account on the Adult FriendFinder website, an online sex and swinger social networking community," McNallie's alleged "download of thousands of pornographic and highly offensive media files and other content," McNallie's viewing, accessing, and downloading of "thousands of adult and pornographic media files," "files [which] . . . concerned graphic and inappropriate movies and other 'content' depicting degrading and humiliating sex acts[,]" "unauthorized activity on the Adult FriendFinder sex and swinger website[,]" "downloading pornographic,

5

highly offensive and improper material[,]" "obtaining access to the Adult FriendFinder website and other pornographic, highly offensive and improper material," and "viewing, accessing, and/or downloading pornographic media files and other sex-oriented websites." Second Proposed Amended Complaint, ¶¶ 23, 24, 51, 52, 53, 55, 88, 98, 186, at 8, 12, 13, 19, 20, 34. The Second Proposed Amended Complaint likewise refers to sealed Exhibit Q, and the attached Exhibit R.

A district court should consider arguments for striking specific allegations in an amended complaint under Rule 12(f) before deciding whether to grant leave to file a tendered amended complaint. New Day Farms, LLC v. Bd. of Trustees of York, Twp., Ohio, No. 08-cv-1107, 2009 WL 1652126, *3 (S.D. Ohio June 10, 2009). Under Rule 12(f), a court may act on its own or on motion by a party and "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' allegations are generally defined as those that have no bearing on the subject matter of the litigation." New Day Farms, 2009 WL 1652126 at *3 (internal quotations and citations omitted). "'Impertinent' allegations have been defined as statements that do not pertain or are not necessary to the issues in question." Id (citing 5C Wright & Miller Federal Practice & Procedure § 1382 (3d ed.2009)). "A 'scandalous' allegation generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Id (internal quotations and citations omitted). Consistent with the simple notice pleading requirements of Rule 8(a)(2) requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief," district courts are also authorized to strike exhibits from a complaint which are "extraneous or at best evidentiary material." Johns-Manville Sales

Corp. v. Chicago Title and Trust Co., 261 F.Supp. 905, 908 (N.D. Ill. 1966).  Motions to strike are generally disfavored, but are ultimately left to the court's discretion.  New Day Farms, 2009 WL 1652126 at *3 (internal quotations and citations omitted).

Thule has revised paragraph 53 of the First Proposed Amended Complaint by removing the various descriptions of the "content" of "approximately 19,353 video titles" and the actual titles of eight of the alleged videos.  Paragraph 53 of the Second Proposed Amended Complaint still contains a general description of the "content" as "depicting degrading and humiliating sex acts."  Second Proposed Amended Complaint, ¶ 53, at 12.  Given the additional description in paragraph 53 of "graphic and inappropriate movies," id, as well as the other descriptive allegations set forth throughout the Second Proposed Amended Complaint of "pornographic, obscene and/or highly inappropriate material," "pornographic and highly offensive media files and other content," "adult and pornographic media files," "pornographic, highly offensive and improper material," and "pornographic media files and other sex-oriented websites[,]" the court finds that the allegation in paragraph 53 of the Second Proposed Amended Complaint describing the "content" of the files as "depicting degrading and humiliating sex acts" is impertinent as unnecessary to the issues in question, and scandalous to the extent the allegation unnecessarily reflects on McNallie's moral character.  New Day Farms, 2009 WL 1652126 at *3.  In the context of this lawsuit, McNallie is amply put on notice that he allegedly accessed, viewed, and copied pornography from the Internet using his Thule laptop computer, which is generally described as in paragraph 53 as "depicting degrading and humiliating sex acts."

The court finds sealed Exhibit Q, referenced throughout the Second Proposed Amended Complaint, is an unnecessary inclusion of evidentiary  material.  Id; Johns-

7

Manville Sales Corp., 261 F.Supp. at 908.  Thule has alleged that McNallie "viewed, accessed and/or downloaded thousands of adult and pornographic media files using Thule's computer system."  Second Proposed Amended Complaint, ¶ 52, at 12.  The allegation more than satisfies the pleading requirements of Rule 8(a)(2).  Id.  It is unnecessary to burden the Second Proposed Amended Complaint (and the Court Clerk) with the explicit names of approximately 19,353 video titles filed under seal as Exhibit Q. While the voluminous listing may have evidentiary value, it is unnecessarily included as an exhibit to the Second Proposed Amended Complaint.  Id.  The court will strike Exhibit Q and references to Exhibit Q from Thule's Second Proposed Amended Complaint.

Defendants' request to strike any further allegations will be denied.  The remainder of the Second Amended Complaint, including references to and the attachment of Exhibit R, a one-page document, will not be struck from the pleading.  Leave to file the Second Proposed Amended Complaint to add updated factual allegations will be granted, in part, subject to those matters struck by the court.  Fed. R. Civ. P. 15(a); Foman, 371 U.S. at 182; Fed. R. Civ. P. 12(f); New Day Farms, 2009 WL 1652126 at *3.

### B. Amended SWECA Claims

Defendants McNallie and Curt Manufacturing argue Thule's proposed SWECA claims cannot survive a motion to dismiss because an actionable SWECA claim requires proof that the defendant accessed private files without authorization.  Thule alleges that McNallie used Thule's laptop and computer systems without authority to intentionally access "the Adult FriendFinder website and other pornographic, highly offensive, and improper material, in violation of Thule's IT and other policies, and alter[ed] the electronic data stored on Thule's laptop computer and computer systems."  Second Proposed

Amended Complaint, ¶ 98, at 20. Thule also alleges that McNallie used Thule's laptop and computer systems without authority to intentionally obtain, alter, and prevent "access to Thule's Confidential Information and other electronic information stored on Thule's laptop computers and computer systems." Second Proposed Amended Complaint, ¶ 99, at 21. Thule further alleges that Curt Manufacturing intentionally accessed Thule's laptop computer and computer systems without authority and obtained, altered, and prevented access to "Thule's Confidential Information and other electronic information stored on Thule's laptop computers and computer system[.]" Second Proposed Amended Complaint, ¶ 100, at 21.

> 18 U.S.C. § 2701(a) of the SWECA provides:
>
> (a) Offense. --Except as provided in subsection (c) of this section whoever--
>
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
>
> (2) intentionally exceeds an authorization to access that facility;
>
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

A person aggrieved by a violation of § 2701(a) may file a civil action to recover appropriate relief. 18 U.S.C. § 2707(a). "[S]ection 2701(a) prohibits the intentional unauthorized *access* of an electronic communication service and the subsequent obtainment, alteration, or prevention of authorized access to the service." Sherman & Co. v. Salton Maxim Housewares, Inc., 94 F.Supp.2d 817, 820 (E.D. Mich. 2000) (emphasis in original). An "'electronic communication service' means any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). "[A] person who does not provide an electronic communication service . . . can disclose or use

9

with impunity the contents of an electronic communication unlawfully obtained from electronic storage." Wesley College v. Pitts, 974 F.Supp. 375, 389 (D. Del. 1997) (citing 18 U.S.C. § 2702(a)).

Assuming that all of Thule's factual allegations are true, Thule's allegations fail to allege plausible SWECA claims above a speculative level. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Thule's formulaic recitation of the elements set forth in § 2701(a) is insufficient to allege plausible claims. Twombly, 550 U.S. at 564. Thule has not alleged that McNallie or Curt Manufacturing accessed Thule's electronic communication service (providing the ability to send or receive wire or electronic communications), which resulted in the subsequent obtainment, alteration, or prevention of authorized access to that same electronic communication service. Sherman & Co., 94 F.Supp.2d at 820. Thule instead alleges that McNallie accessed "the Adult FriendFinder website and other pornographic, highly offensive, and improper material," not Thule's electronic communication service. Thule's allegations that McNallie and Curt Manufacturing accessed "Confidential Information and other electronic information stored on Thule's laptop computers and computer systems" does not allege that the accessed information was "a wire or electronic communication" stored on Thule's electronic communication service. Because neither McNallie nor Curt Manufacturing are alleged to be the providers of "an electronic communication service," they cannot be held liable under the SWECA for using or disclosing any information they obtained from the contents of an electronic communication stored on "an electronic communication service." Wesley College, 974 F.Supp. at 389.

Thule current proposed allegations – that McNallie used his laptop computer to

10

access Internet websites, pornographic materials, and Thule's confidential, proprietary, and trade secret without authority for such use, and that McNallie erased data and files from the laptop to evade detection of this unlawful use – do not allege above speculation actionable SWECA claims. Sherman & Co., 94 F.Supp.2d at 820; Wesley College, 974 F.Supp. at 389; 18 U.S.C. § 2701(a); Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Thule's derivative claim against Curt Manufacturing likewise fails to allege a plausible SWECA claim. Id. Thule's motion for leave to file amended SWECA claims will be denied as futile because they would not survive a motion to dismiss. Foman, 371 U.S. at 182.

## C. Amended Conversion Claim

Defendants argue that Thule's new conversion claim premised on the use of a "corporate" American Express card cannot survive a motion to dismiss because Thule cannot prove Thule suffered any damages in that McNallie was responsible for and paid all charges on the card, the account is now closed, and McNallie returned the destroyed card to Thule's Counsel on request.

Thule alleges in its added common law conversion claim:

Defendants further exercised unlawful dominion and control over Thule's credit card, and in doing so, deprived Thule of its rightful use and enjoyment of its line of credit as authorized under the contractual agreement between Thule and the credit card issuer.

Second Proposed Amended Complaint, ¶ 160, at 30.

"A conversion is any distinct act of dominion wrongfully exerted over another person's personal property." Pamar Enterprises, Inc. v. Huntington Banks of Michigan, 228 Mich. App. 727, 734, 580 N.W.2d 11 (1998). A conversion may be temporary, as when the plaintiff's personal property is returned to him. Id. "The general rule for the measure

11

of damages for conversion is the value of the converted property at the time of the conversion." Ehman v. Libralter Plastics, Inc., 207 Mich. App. 43, 45, 523 N.W.2d 639 (1994). "[I]f the property converted does not have a regular market value, the measure of damages is the value of the property to the owner at the time of the conversion." Id.

Assuming that all of Thule's factual allegations are true, Thule's allegations plead a plausible claim of common law conversion of Thule's American Express card. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Thule has alleged that the American Express card was Thule's property pursuant to an agreement between Thule and the credit card issuer. The asserted fact that McNallie has since returned the credit card does not preclude a finding of conversion. Pamar Enterprises, Inc., 228 Mich. App. at 734. The court must accept as true Thule's allegation that the defendants' conversion of the credit card "deprived Thule of its rightful use and enjoyment of its line of credit[.]" Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Whether Thule can *prove* it suffered damages as a result of this alleged conversion, in any form, remains subject to factual development. Thule's motion for leave to add a conversion claim premised on the defendants' alleged use of Thule's American Express card will be granted as the claim would survive a motion to dismiss. Foman, 371 U.S. at 182.

### D. Amended Promissory Estoppel Claims

Defendants have not opposed Thule's motion for leave to add new claims of promissory estoppel.

### II. Conclusion

For the reasons set forth above, Thule's motion for leave to file a First Amended Complaint is hereby GRANTED, IN PART, to the extent that the tendered amended claims

are set forth in the June 10, 2009 First Amended Verified Complaint and Jury Demand (docket no. 35-5)[1], WITH THE EXCEPTIONS OF: (1) attachment of Exhibit Q to the Amended Complaint; (2) all references to "Exhibit Q" in the Amended Complaint; and (3) the tendered SWECA claims, in their entirety, as alleged in proposed Count II, ¶¶ 93-102, at 20-21.  Thule's motion is hereby GRANTED, IN PART, as to its proposed additional claim of conversion and new claims of promissory estoppel.  Thule's motion is hereby DENIED, IN PART as to: (1) attachment of Exhibit Q to the Amended Complaint; (2) all references to "Exhibit Q" in the Amended Complaint; and (3) the proposed SWECA claims, in their entirety, as alleged in proposed Count II, ¶¶ 93-102, at 20-21.

     SO ORDERED.

Dated:  July 15, 2009

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 15, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] Thule's proposed May 22, 2009 First Amended Verified Complaint and Jury Demand (docket no. 29-3) is moot.